NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRITTNEY M. HARRIS (Cal. Bar No. 294650)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0488
     Facsimile: (213) 894-0141
     E-mail:    Brittney.Harris@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-00054-PSG |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KIRAKOS KESABLYAN |
| v. | |
| KIRAKOS KESABLYAN,  aka "Kadzhic Kesablyan,"  aka "Tony Kesablyan,"  aka "Ali Mohamed Kesablyan,"  aka "Kiros," | |
| Defendant. | |

        1.   This constitutes the plea agreement between Kirakos

Kesablyan ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

///

///

///

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count first superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.   Recommend that defendant be sentenced to a five-year term of probation.

i.   Agree to and not oppose the imposition of the following condition of probation or supervised release: defendant consents to search at any time of the day or night, with or without a search warrant, warrant of arrest, probable cause, or reasonable suspicion by any probation officer or law enforcement officer -- and waives any right to object to any search and seizure -- of his person, residence, vehicle and any property, including any digital devices and their peripheral equipment used by defendant.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that the Court impose a four-level downward variance based on the factors set forth in 18 U.S.C. § 3553(a).

e.   Recommend that defendant be sentenced to no term of imprisonment.  However, the USAO may recommend a five year term of probation and that defendant's sentence include a period of home detention as a condition of probation.

f.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of

3

18 U.S.C. § 912 arising out of the conduct alleged in the Criminal Complaint filed in United States v. Kirakos Kesablyan, CR No. 18-MJ-00030-DUTY.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the first superseding information, that is, felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm or ammunition; (2) the firearm or ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; and (3) at the time defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6.    Defendant understands that if the Court sentences defendant to probation, the statutory minimum term of probation is one year and the statutory maximum term of probation is five years, pursuant to Title 18, United States Code, Section 3561(c).

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that probation is period of time during which defendant will be subject to various terms and conditions, including restrictions and requirements.  Defendant understands that if he violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may continue him on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum for the offense of conviction.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm

or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about January 8, 2018, in the County of Los Angeles, within the Central District of California, defendant knowingly possessed the following firearms and ammunition: (1) a Mossberg model 500, 12-gauge shotgun, bearing serial number V0516405; (2) a Glock model 27, .40 caliber pistol, bearing serial number XEK303; (3) approximately 24 rounds of Winchester 12-gauge ammunition; (4) approximately 8 rounds of Poongsan .40 caliber ammunition; and (5) approximately 8 rounds of Federal .40 caliber ammunition.

The above-referenced firearms and ammunition were manufactured outside the State of California and had, prior to defendant's knowing possession of the above-described firearms and ammunition on January 8, 2018, traveled in and affected interstate commerce.  Prior to defendant's knowing possession of the above-described firearms and ammunition on January 8, 2018, defendant had been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year: (1) Grand Theft, in violation of California Penal Code Sections 484(a)/487(a), in the Superior Court of the State of California, County of Fresno, Case Number F07902230, on or about September 9, 2008; (2) Forging, Stealing, Mutilating, and Falsifying Judicial and Public Records and Documents, in violation of California Penal Code Section 115(a), in the Superior Court of the State of California, County of Fresno, Case Number F07902230, on or about September 9, 2008; (3) Grand Theft, in violation of California Penal Code Sections 484(a)/487(a), in the Superior Court of the State of California, County of Fresno, Case Number F07902230, on or about September 9, 2008; and (4) Threatening Witness, Victim or Informants, in violation of California Penal Code Section 140(a), in the Superior

Court of the State of California, County of Fresno, Case Number F08904302, on or about September 9, 2008.

SENTENCING FACTORS

12.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. § 2K2.1(a)(6) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1(a) |
| Downward Variance: | -4 | 18 U.S.C. § 3553(a) |
| Total Offense Level: | 8 | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3(c) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as

discussed below.  The parties agree that a four-level downward variance based on the factors in 18 U.S.C. § 3553(a) is appropriate in this case.  Subject to paragraph 25 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

16.    Defendant agrees that, provided the Court imposes no term of imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the fine imposed by the court, provided it is within the statutory maximum; (c) the constitutionality or legality of defendant's sentence, provided it is

within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); the condition agreed to by defendant in paragraph 2(i) above; and a condition of home detention.

17.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

18.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

11

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1  evidence derived from the statements should be suppressed or are

2  inadmissible.

3  <u>COURT AND PROBATION OFFICE NOT PARTIES</u>

4  24.  Defendant understands that the Court and the United States

5  Probation Office are not parties to this agreement and need not

6  accept any of the USAO's sentencing recommendations or the parties'

7  agreements to facts or sentencing factors.

8  25.  Defendant understands that both defendant and the USAO are

9  free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation Office and the Court, (b) correct any

11  and all factual misstatements relating to the Court's Sentencing

12  Guidelines calculations and determination of sentence, and (c) argue

13  on appeal and collateral review that the Court's Sentencing

14  Guidelines calculations and the sentence it chooses to impose are not

15  error, although each party agrees to maintain its view that the

16  calculations in paragraph 13 are consistent with the facts of this

17  case.  While this paragraph permits both the USAO and defendant to

18  submit full and complete factual information to the United States

19  Probation Office and the Court, even if that factual information may

20  be viewed as inconsistent with the facts agreed to in this agreement,

21  this paragraph does not affect defendant's and the USAO's obligations

22  not to contest the facts agreed to in this agreement.

23  26.  Defendant understands that even if the Court ignores any

24  sentencing recommendation, finds facts or reaches conclusions

25  different from those agreed to, and/or imposes any sentence up to the

26  maximum established by statute, defendant cannot, for that reason,

27  withdraw defendant's guilty plea, and defendant will remain bound to

28  fulfill all defendant's obligations under this agreement.  Defendant

1  understands that no one -- not the prosecutor, defendant's attorney,

2  or the Court -- can make a binding prediction or promise regarding

3  the sentence defendant will receive, except that it will be within

4  the statutory maximum.

NO ADDITIONAL AGREEMENTS

6      27.   Defendant understands that, except as set forth herein,

7  there are no promises, understandings, or agreements between the USAO

8  and defendant or defendant's attorney, and that no additional

9  promise, understanding, or agreement may be entered into unless in a

10 writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

12     28.   The parties agree that this agreement will be considered

13 part of the record of defendant's guilty plea hearing as if the

14 entire agreement had been read into the record of the proceeding.

15 AGREED AND ACCEPTED

16 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
17 CALIFORNIA

18 NICOLA T. HANNA
   United States Attorney

19

20 _____          August 27, 2018
   BRITTNEY M. HARRIS                   _____
21 Assistant United States Attorney     Date

22 _____          8-27-18
   KIRAKOS KESABLYAN                    _____
23 Defendant                            Date

24 _____          8/27/2018
   MARK WERKSMAN, ESQ.                  _____
25 Attorney for Defendant               Date
   KIRAKOS KESABLYAN

26

27

28

15

1          CERTIFICATION OF DEFENDANT

2          I have read this agreement in its entirety.  I have had enough

3     time to review and consider this agreement, and I have carefully and

4     thoroughly discussed every part of it with my attorney.  I understand

5     the terms of this agreement, and I voluntarily agree to those terms.

6     I have discussed the evidence with my attorney, and my attorney has

7     advised me of my rights, of possible pretrial motions that might be

8     filed, of possible defenses that might be asserted either prior to or

9     at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10    of relevant Sentencing Guidelines provisions, and of the consequences

11    of entering into this agreement.  No promises, inducements, or

12    representations of any kind have been made to me other than those

13    contained in this agreement.  No one has threatened or forced me in

14    any way to enter into this agreement.  I am satisfied with the

15    representation of my attorney in this matter, and I am pleading

16    guilty because I am guilty of the charges and wish to take advantage

17    of the promises set forth in this agreement, and not for any other

18    reason.

19    _____        8-27-18

20    KIRAKOS KESABLYAN                       Date
      Defendant

21

22          CERTIFICATION OF DEFENDANT'S ATTORNEY

23          I am Kirakos Kesablyan's attorney.  I have carefully and

24    thoroughly discussed every part of this agreement with my client.

25    Further, I have fully advised my client of his rights, of possible

26    pretrial motions that might be filed, of possible defenses that might

27    be asserted either prior to or at trial, of the sentencing factors

28    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

                                    16

1  provisions, and of the consequences of entering into this agreement.

2  To my knowledge: no promises, inducements, or representations of any

3  kind have been made to my client other than those contained in this

4  agreement; no one has threatened or forced my client in any way to

5  enter into this agreement; my client's decision to enter into this

6  agreement is an informed and voluntary one; and the factual basis set

7  forth in this agreement is sufficient to support my client's entry of

8  a guilty plea pursuant to this agreement.

9

   _____        8/27/2018
10 MARK WERKSMAN, ESQ.                       Date
   Attorney for Defendant
11 KIRAKOS KESABLYAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    February 2018 Grand Jury

11   UNITED STATES OF AMERICA,          CR No. 18-00054(A)-PSG

12              Plaintiff,              F I R S T
                                        S U P E R S E D I N G
13              v.                      I N F O R M A T I O N

14   KIRAKOS KESABLYAN,                 [18 U.S.C. § 922(g)(1): Felon in
        aka "Kadzhic Kesablyan,"        Possession of Firearms and
15      aka "Tony Kesablyan,"           Ammunition]
        aka "Ali Mohamed Kesablyan,"
16      aka "Kiros,"

17              Defendant.

18

19        The United States Attorney charges:

20                    [18 U.S.C. § 922(g)(1)]

21        On or about January 8, 2018, in Los Angeles County, within the

22   Central District of California, defendant KIRAKOS KESABLYAN, also

23   known as ("aka") "Kadzhic Kesablyan," aka "Tony Kesablyan," aka "Ali

24   Mohamed Kesablyan," aka "Kiros" ("KESABLYAN"), knowingly possessed

25   the following firearms and ammunition, in and affecting interstate

26   and foreign commerce:

27        (1)  a Mossberg model 500, 12-gauge shotgun, bearing serial

28   number V0516405;

1   (2)   a Glock model 27, .40 caliber pistol, bearing serial number

2   XEK303;

3   (3)   approximately 24 rounds of Winchester 12-gauge ammunition;

4   (4)   approximately 8 rounds of Poongsan .40 caliber ammunition;

5   and

6   (5)   approximately 8 rounds of Federal .40 caliber ammunition.

7   Such possession occurred after defendant KESABLYAN had been

8   convicted of at least one of the following felony crimes, each

9   punishable by a term of imprisonment exceeding one year:

10   (1)   Grand Theft, in violation of California Penal Code Sections

11   484(a)/487(a), in the Superior Court of the State of California,

12   County of Fresno, Case Number F07902230, on or about September 9,

13   2008;

14   (2)   Forging, Stealing, Mutilating, and Falsifying Judicial and

15   Public Records and Documents, in violation of California Penal Code

16   Section 115(a), in the Superior Court of the State of California,

17   County of Fresno, Case Number F07902230, on or about September 9,

18   2008;

19   (3)   Grand Theft, in violation of California Penal Code Sections

20   484(a)/487(a), in the Superior Court of the State of California,

21   County of Fresno, Case Number F07902230, on or about September 9,

22   2008; and

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

2

1       (4)  Threatening Witness, Victim or Informants, in violation of

2   California Penal Code Section 140(a), in the Superior Court of the

3   State of California, County of Fresno, Case Number F08904302, on or

4   about September 9, 2008.

5

6                                    NICOLA T. HANNA
                                     United States Attorney
7
                                     LAWRENCE S. MIDDLETON
8                                    Assistant United States Attorney
                                     Chief, Criminal Division
9

10

11                                   SCOTT M. GARRINGER
                                     Assistant United States Attorney
12                                   Deputy Chief, Criminal Division

13                                   CHRISTINA T. SHAY
                                     Assistant United States Attorney
14                                   Deputy Chief, General Crimes
                                     Section
15
                                     BRITTNEY M. HARRIS
16                                   Assistant United States Attorney
                                     General Crimes Section
17

18

19

20

21

22

23

24

25

26

27

28